IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR127** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **JERRY LEE JORDAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Initial Review of Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 98).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant was found guilty by a jury of Count I of the Indictment charging him with a violation of 21 U.S.C. §§ 841 (a) and (b)(1) possessing with the intent to distribute 500 grams or more of cocaine.  The court sentenced defendant to sixty-five months in the custody of the Bureau of Prisons followed by  five years of supervised release.

In his § 2255 motion the defendant raises eight issues: (1) ineffective assistance of counsel based on his attorney's failure to timely file a notice of appeal; (2) ineffective assistance of counsel based on his attorney's failure to pursue the "abandonment" from the suppression hearing on appeal; (3) ineffective assistance of counsel based on his attorney's failure to summon Officer Krans to the suppression hearing; (4) ineffective assistance of counsel based on his attorney's failure to summon the bus driver or obtain a copy of the passenger list to summon witnesses at the suppression hearing; (5) ineffective assistance of counsel based on his attorney's failure to file an interlocutory appeal on the court's decision not to suppress evidence; (6) ineffective assistance of counsel for his attorney's failure to investigate the "Lutter" theory on training as opposed to Greyhound policy and case law stated therein; (7) ineffective assistance of counsel for his attorney's failure to submit both of Officer Lutter's statements at the suppression hearing to question his credibility; and (8) ineffective assistance of counsel for his attorney's failure accurately to state the defendant's true criminal history for the purpose of plea bargaining and to determine if he was eligible for the safety valve prior to trial.

## DISCUSSION

**Claim One**

The United States shall respond to the defendant's First Claim by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

**Claim Two**

The United States shall respond to the defendant's Second Claim by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

**Claims Three, Four, Five, Six , and Seven**

Defendant's Claims Three, Four and Seven allege that defense counsel was ineffective for failing to call additional witnesses and failing to provide additional evidence at the suppression hearing.

To prevail on an ineffective assistance claim, Supreme Court precedent requires a petitioner to demonstrate that counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance to such an extent that there is a reasonable probability that the outcome of the trial would have been different absent counsel's error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment. *Id*. at 689. Prejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Under *Strickland*, counsel's performance is "measured against an objective standard of reasonableness," and "hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments." *Rompilla v. Beard*, 125 S.Ct. 2456, 2462 (2005) (internal quotations and citations omitted).

Here, defense counsel filed a timely motion to suppress and a hearing was held on the motion. After the hearing, Magistrate Judge Gossett filed a Report and Recommendation recommending that the court deny the motion. Defense counsel then filed an objection to the Report and Recommendation challenging the court's reliance on Officer Lutter's testimony at the hearing. The court reviewed the objection and denied the motion to suppress. Defendant is now challenging his attorney's choice of witnesses and tactics used during this hearing as a basis for his ineffective assistance of counsel claim. Because the choice of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel, defendant's claims are denied. *Williams v. Bowersox*, 340 F.3d 667, 669 (8th Cir. 2003).

Defendant's Fifth Claim alleges that defense counsel was ineffective for failing to file an interlocutory appeal on the court's decision not to suppress evidence. Because this claim is already encompassed in defendant's first and second claims it is denied as moot.

Defendant's Sixth Claim argues that his counsel was ineffective for his failure to investigate Lutter's "theory on training" as opposed to "Greyhound policy and case law." Defendant fails to provide any further explanation or argument on the substance of this vague and confusing allegation. Therefore, this claim is denied.

**Claim Eight**

In his Eighth Claim, defendant contends that his counsel was ineffective for failing accurately to state the defendant's true criminal history for the purpose of plea bargaining and to determine if he was eligible for the safety valve, prior to trial. The United States shall respond to the Defendant's Eighth Claim by filing an Answer. In addition to any other

issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 98);

2. Upon initial review, the Court finds that summary dismissal of the defendant's First, Second and Eighth Claims in the § 2255 motion is not required;

3. On or before April 17, 2006, the United States shall file an Answer to the defendant's First, Second and Eighth Claims in the § 2255 motion and support its Answer with a brief;

4. On or before May 17, 2006, the defendant may file a responsive brief addressing only the First, Second and Eighth Claims;

5. Upon initial review, the Court finds that summary dismissal of the defendant's Third, Fourth, Fifth, Sixth, and Seventh Claims in the § 2255 motion is required; and

6   The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 20th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge