IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | CASE NO. 8:04CR127 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| JERRY LEE JORDAN, | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 98).

## FACTUAL BACKGROUND

Defendant was found guilty by a jury of Count I of the Indictment charging him with a violation of 21 U.S.C. §§ 841 (a) and (b)(1), possessing with the intent to distribute 500 grams or more of cocaine. The court sentenced defendant to sixty-five months in the custody of the Bureau of Prisons followed by five years of supervised release.

At the end of the sentencing hearing, the court instructed defendant that he would have the right to appeal his sentence and defendant was given a notice instructing him how to file an appeal. (Filing No. 105).

In his § 2255 defendant raised the following issues: (1) defendant was denied effective assistance of counsel due to counsel's failure to file a timely appeal; (2) defendant was denied effective assistance of counsel due to counsel's failure to raise the abandonment theory on appeal; (3) defendant was denied effective assistance of counsel based on counsel's failure accurately to state the defendant's true criminal history for purposes of plea bargaining and to determine if he was eligible for the safety valve.

## DISCUSSION

**Ineffective Assistance of Counsel - Appeal**

Defendant's first and second claims challenge his counsel's failure to file an appeal. Defendant contends that his counsel was unavailable to file an appeal during the ten days following his sentencing and that his counsel failed to file the appeal due to defendant's inability to pay.

In order to establish a Sixth Amendment violation based on counsel's failure to appeal, Jordan must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Id.* at 478; *see also United States v. Arvizu*, 270 F.3d 605 (2001) (defendant's trial counsel was not constitutionally ineffective for not filing a timely notice of appeal from defendant's drug conviction where counsel consulted with defendant about his right to file an appeal, and there was no evidence to counter counsel's testimony that he never received express instructions from defendant about his appeal).

Here, the record does not support defendant's allegation of ineffective assistance of counsel. In an affidavit filed by defendant's trial lawyer, C.G. Jolly, Jr., he stated that after consulting with his client defendant instructed Jolly not to file an appeal. (Filing No. 180-2) Moreover, Jolly attached letters to his affidavit that memorialized discussions between defendant and Jolly in which the two discussed a potential appeal and the time line for an appeal. Attached to Jolly's affidavit was a letter sent to defendant's mother,

Rosemary Jordan, dated May 2, 2005. The letter instructs the defendant to inform Jolly whether defendant wishes to appeal, and identifies possible issues for appeal. Jolly explained that the attorney's fees for such an appeal would be between $7,500 and $10,000 and stated that due to costs already incurred, he would understand if the defendant would prefer that Jolly withdraw from the case so that defendant could ask for a public defender. Additionally, in a letter dated July 5, 2005, directed to Rosemary Jordan, Jolly stated that he discussed filing an appeal with defendant but that they agreed they had very little to argue about and defendant wished to avoid spending the money. Jolly asked Ms. Jordan to inform him if defendant's sentiments had changed, and instructed that the appeal would need to be filed 10 days after sentencing. Jolly stated in his affidavit that when he met with defendant about filing an appeal on July 12, 2005, the day after defendant's sentencing, defendant indicated that he could afford the appeal, but that it would not be worth the money. (Filing No. 180-2 at ¶ 7). Jolly also produced his billing record from July 12, 2005, that stated:

> Receipt and review of filings from Court regarding appeal etc. Telephone conference with client's mom regarding appeal (no interest in appeal). Travel to Pott. County Jail and meet with client. discuss appeal ($10,000.00) etc. Discuss me withdrawing and client proceeding in forma pauperis - explain concept to client. Client not interested in appeal will "take too long" in light of reasonably short sentence client received.

(Filing No. 108-2).

Defendant has only provided his unsubstantiated statement in his affidavit to counter the evidence that supports Jolly's contention that he never received express instructions from defendant to file an appeal. Based on this record, defendant has not made out an

3

ineffective assistance claim due to his attorney's refusal to file a notice of appeal. The resolution of this issue renders defendant's second issue moot.

**Ineffective Assistance of Counsel - Pretrial**

Defendant alleges that his counsel failed accurately to state the defendant's true criminal history for the purpose of plea bargaining to determine if he was eligible for the safety valve prior to trial.

Defendant cannot establish that he was prejudiced by his attorney's failure to argue that defendant was eligible for safety valve relief prior to trial or at sentencing. The PSR, which was adopted by the court, concluded that defendant's criminal history score was category II. At sentencing, defense counsel argued that a departure was warranted pursuant to U.S.S.G. § 4A1.3 (b), because defendant's criminal history score overstated the seriousness of the defendant's actual criminal history. The court departed and sentenced defendant based on a criminal history score of I.

A defendant, however, is not eligible for the "safety valve" provision when he has more than one criminal history point, regardless of any downward departure the court might have granted on the grounds that defendant's criminal history category over-represents the seriousness of his criminal history. *United States v. Webb*, 218 F.3d 877, 881 (8th Cir. 2000), cert. denied, 531 U.S. 1131 (2001) (stating that "[n]othing in section 4A1.3, the provision under which the district court shifted [the defendant] into a lower criminal history category, indicates that a category change under this provision deletes previously assessed criminal history points for the purposes of the section 5C1.2 analysis.") *See also United States v. Boddie*, 318 F.3d 491, 494-96 (3rd Cir. 2003); *United State v. Penn*, 282 F.3d 879, 882 (6th Cir. 2002) (holding that district court did not have authority to alter defendant's

criminal history points based upon its conclusion that criminal history category overstated the seriousness of past criminal conduct nor was district court free to sentence defendant below statutory mandatory minimum where he had more than one criminal history point). Therefore, based on this authority defendant's claim is denied.

IT IS ORDERED:

1. That defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 98) is denied;

2. A separate Judgment will be entered; and

3. The Clerk of Court is directed to send defendant a copy of this Memorandum and Order to his last known address.

DATED this 27th day of September, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge